JANE LUCIANO, ESQ.
9000 CROW CANYON RD.
SUITE S 168
DANVILLE, CA 94506
(925) 216-6030
jane-luciano@comcast.net
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HUTCHISON<br><br>Plaintiff,<br><br>v.<br><br>NORTH TAHOE CRUISES, INC.,<br>a California Corporation<br>LAWRENCE BOERNER and CHERYL<br>L. BOERNER, individuals<br>BLACK and WHITE CORPORATIONS 1-10<br>INDIVIDUAL DOE DEFENDANTS 1-10<br><br>Defendants | No.<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES ARISING FROM NEGLIGENCE**<br><br>**DEMAND FOR JURY TRIAL** |

As and for a First Cause of Action Plaintiff alleges:

1. Plaintiff is a resident of Douglas County, Nevada and an individual in excess of 65 (sixty-five) years of age and is an 'elder' within the contemplation of California Welfare and Institutions Code Section 15610.27. For diversity jurisdiction purposes, Plaintiff is a 'citizen' of Nevada.

2. Defendant NORTH TAHOE CRUISES, INC. is a California Corporation which, *inter alia*, owns and operates the passenger vessel TAHOE GAL on Lake Tahoe, California. For diversity jurisdiction purposes, Defendant NORTH TAHOE CRUISES is a 'citizen' of California.

3. Defendants LAWRENCE BOERNER and CHERYL L. BOERNER are, Plaintiff is informed and believes, individual residents in the State of California and for diversity jurisdiction purposes, 'citizens' of the State of California. Plaintiff is informed and believes and on such information and belief alleges that defendants BOERNER are the *alter egos* of the defendant corporation, having engaged in acts and omissions with respect to the corporation that justifies the piercing of its corporate veil. Those acts and omissions include but are not limited to the acts and omissions identified by the California Court of Appeals in *Associated Vendors v. Oakland Meat Company,* 210 Cal. App. 2nd 828 (1962) as justifying the piercing of the corporation such that the identities of the individuals and their wholly-owned corporation are in effect the same.

4. Plaintiff does not presently know the identifies of BLACK AND WHITE CORPORATIONS 1-10 or INDIVIDUAL DOE DEFENDANTS 1-10 but is informed and believes and therefore alleges that these entities and/or individuals are in some manner responsible for the damages sustained by Plaintiff, as set forth *infra*.

5. Jurisdiction is conferred upon this court by virtue of 28 U.S.C. 1332. Venue is properly laid in this district by virtue of 28 U.S.C. 1391 (b) (1) and (2).

6. In or about early May of 2015 Plaintiff entered into a contract with Defendants for a lake cruise on TAHOE GAL set for May 20th, 2015. Plaintiff was injured while participating in the cruise and filed suit after Defendants failed to acknowledge Plaintiff's husband's written request for amelioration of the hazardous conditions which caused Plaintiff injury. Plaintiff filed an initial lawsuit in Douglas County, Nevada, Defendants were duly served with it, they again failed to respond, and Plaintiff took their default. In consideration of setting aside a default taken against Defendants by Plaintiff, Defendants have extended the statute of limitations for

filing a complaint until May 18, 2018 in order to pursue potential resolution of the matter short of litigation. Those efforts have failed.

7. Defendants knew or should have known that the individuals who booked this cruise were elderly persons, and therefore, had a special duty of due care with respect to their well being and safety throughout the cruise, inclusive of embarkation and disembarkation. On the afternoon of May 20th, 2015, defendants docked the boat at different pier than usual, due to the low levels of Lake Tahoe. The decking of that pier featured exposed nail heads above its planks, and Plaintiff caught her shoe on one of such nails and consequently tripped and fell, causing both severe neurological and orthopedic injuries.

8. Defendants breached their duty of due care to Plaintiff by:

　　a. Failing to warn of the dangerous condition of the pier

　　b. Failing to assist its elderly passengers, including Plaintiff, during the disembarkation process.

　　c. Failing to assist the injured Plaintiff after she had fallen on the pier.

9. Plaintiff's injuries were proximately caused by the negligence of Defendants.

10. As a proximate result of Defendants' negligence, plaintiff has sustained pain and suffering, emotional distress, medical expenses and other costs, together with general damages according to proof.

WHEREFORE, Plaintiff prays:

　　1. For special damages according to proof.
　　2. For general damages according to proof.
　　3. For an order declaring the Boerners *alter egos* of their corporation.
　　4. For an award of reasonable attorneys' fees

5. For an award of costs.

April 14, 2018                             /s/Jane Luciano/s/
                                           Jane Luciano, Esq.